STATE OF MISSOURI ex rel. CHRIST SCHAWACKER, Respondent, v. GEORGE W. JONES, Chairman, et al., Appellants.

### St. Louis Court of Appeals, March 21, 1899.

**Qualified Voter:** REMOVAL TO ANOTHER RESIDENCE: REGISTRATION. Where a voter is once registered he is not required to again register, until the next general registration unless he has, since registering moved to another precinct; but not because he has moved to another house in the same precinct.

*Appeal from the St. Louis City Circuit Court.*—HON. WILLIAM ZACHRITZ, Judge.

REVERSED and Judgment Entered Denying the Writ of Mandamus.

B. SCHNUMACHER and CHARLES C. ALLEN for appellants.

One who is otherwise qualified as a voter or an elector under section 20 of the Election Act of 1895, approved May 31, 1895, governing elections in cities having over one hundred thousand inhabitants (Session Acts 1895-1896, p. 20), does not become disfranchised, and does not become disqualified as an elector, by removing from the premises from which he registered, provided such removal is not beyond the lines of the precinct in which he is registered. Those qualified voters who have signed a petition to the election commissioners

for the purpose of having placed upon ballots at a primary election the names of a delegation selected by them, can not withdraw their names from said petition after the same has been delivered to said election commissioners.

No brief filed for respondent.

BLAND, P. J.—On October 10, 1898, plaintiff filed the following petition in the circuit court of the city of St. Louis:

"The relator, Christ Schawacker, respectfully represents to this court that he is a citizen of the United States of America, a citizen of the state of Missouri, and a duly qualified voter of said city of St. Louis and state of Missouri.

"That he resides in and is duly registered as a lawful voter of said city in Ward No. 5 of said city. That on the first day of October, 1898, there was filed with the defendants, as election commissioners of said city, a certain delegation purporting to be an entitled 'Republican Delegation' of the 5th Ward, accompanied by a petition, a copy of which is hereto attached, and made a part of this petition. That said petition purports to be signed by thirty-three legal and duly qualified voters of said Ward No. 5.

"That said signers of said petition were not at the time of signing said petition, nor are they now legally qualified voters of said ward, as contemplated by the statutes governing such matters in this, to wit: That the following named persons whose names are signed to said petition are not upon the registration lists of said ward, to wit: John Haase, 420 Second St.; William Bell, 420 S. Second St.; Edward Brown, 722 Clark Ave.; William Jones, 914 Market St.; Julius Gerlisch, 332 S. Fourteenth St.; William Jones, 914 Market St.

"That Charles Lee, who is alleged to reside at 28½ Targee St., and William Heard, who is alleged to reside at 30½ Targee St., do not live in Ward No. 5, nor do they appear upon the register of said ward.

"That Willis Gibson, Walter White, William Heitman, and J. R. Franklin are not residents of the place from which they are registered, but that they are still residents of the same precinct and ward. That William Heitman, G. Costello, Ludwig Huebich and Herman Floerke, whose names are signed to said petition, were induced to sign said petition by misleading, false and fraudulent representations, and have since the signing of said petition requested the defendants in writing to remove or erase their names from the same.

"Wherefore your petitioner prays that this court may issue its alternative writ of mandamus to said defendants commanding them to reject from said petition for the delegation known as the 'Republican Delegation,' the names of Willis Gibson, Walter White, William Heitman, and J. R. Franklin, who do not reside in the premises from which they are registered, and also commanding said defendants to erase or to remove from said petition the names of William Heitman, G. Costello, Ludwig Huebich and Herman Floerke, or that defendants show cause why they will not do so."

On the same day the relator and the defendants appeared in court by their respective attorneys, and the defendants in open court, waived the issuance and service of an alternative writ of mandamus, and by consent it was agreed that the petition might be regarded and treated, for all purposes, as an alternative writ; and the defendants filed their demurrer to the petition, treating said petition as an alternative writ, assigning for grounds of their said demurrer that said petition did not set forth nor contain facts sufficient to constitute a cause of action or to justify the issuing of, or to support an alternative writ. On the same day the cause was submitted to the court on demurrer, which was overruled; defendant declining to plead further the court issued a peremptory writ of mandamus, and handed down the following memorandum of its opinion: "We are both satisfied that the commissioners have no authority to permit any of

these names to be withdrawn. On the other proposition we
are satisfied that the changes of residence of the four persons,
namely, Willis Gibson, Walter White, William Heitman and
J. R. Franklin, disqualifies them as voters until they register.
The result is that the demurrer to the petition will be over-
ruled. And under the stipulation of counsel as to the waiver
of notice to show cause and the issuance of an alternative writ,
a peremptory writ of mandamus will be granted. The extent
of the order will be that the commissioners will be required
to reject the four persons above named from the petition of
electors. The contemplation of the law is that no citizen is
qualified to vote except he resides at the time at the house
from which he is registered. To rule otherwise would, in
our opinion, open the door to fraud." Thereafter a timely,
but unavailing motion for rehearing was filed, and defendants
appealed.

Appellants make the following assignments of errors:

1. The court erred in overruling the demurrer of the
defendants to the petition of the relator, considered as an al-
ternative writ of mandamus.

2. The court erred in granting a peremptory writ of
mandamus in said cause.

3. The court erred in overruling the motion for a new
trial.

The trial court was unquestionably right in its opinion,
that appellants as Election Commissioners of the city of St.
Louis, had no authority nor right to permit any of the names
to the petition filed with them to be withdrawn, for no such
authority is given them by the election laws. The court,
however, was in error in holding that Gibson, White, Heitman
and Franklin, were not qualified voters of the precinct in
which they resided and in which they were registered as
voters, for the reason that they had changed their place of
residence in the precinct after they had been registered therein
as qualified voters. Section 20, Acts of 1895, passed at the

extra session of the General Assembly in that year (Acts of Extra Session 1895, p. 13), prescribes the following qualifications of voters in cities of one hundred thousand inhabitants or over:

(1)     He must be a male.

(2)     He must be a citizen of the United States, or he must, if of foreign birth, have declared his intention to become a citizen of the United States according to law, not less than one year nor more than five years before he offers to vote.

(3)     He must be over the age of twenty-one years.

(4)     He must have resided in the state one year next preceding the election at which he offers to vote.

(5)     And during the last sixty days of said year he must have resided in the city where said election is being held.

(6)     And during the last twenty days of the year he must have resided in the precinct at which he offers to vote.

The only other qualification prescribed by the act has reference to the registration of the voter, and is contained in the following words of the concluding clause of the section (20), to wit, "but shall not vote elsewhere than in the precinct where his name is registered and whereof he is registered as a resident." The act provides for a registration of the voters in cities embraced within its terms and prescribes the form of the registration books to be used; this form has columns for the street and number of house of the voter's residence, his name, nativity, color, term of residence, etc., evidently intended as means for his identification when he offers to vote. Immediately after a registration, the clerks of the boards of registration in each precinct are required to canvass the precinct for the purpose of verifying the registration; the street and number of the registered voter as shown on the registration books is a very valuable aid to the canvassers in verifying the correctness of the registration; but

State ex rel. v. Jones.

where a voter is once registered he is not required to again register, until the next general registration unless he has since registering moved to another precinct, and when his registration is once verified and he is finally registered as a qualified voter, he continues to be such until the next general registration, unless disqualified or made incompetent to vote by his own act. He is not required to register by any provision of the act of 1895, because he has moved from one floor to another floor in the same building, or from one house to another house in the same precinct. It might have served to prevent confusion had the General Assembly required the voter in such cases to appear before the board of registration and give notice of his removal and have the fact of his change of residence noted in the registration book, but no such requirement is found in the act, and the courts can not write it into it by construction. The right to exercise the elective franchise is a constitutional one, the highest and most sacred political right that can be conferred upon the citizen, and all laws which abridge the right should be most strictly construed, and laws which impose upon the voter the performance of acts in the least burdensome or inconvenient, such as registration acts, as a prerequisite to the exercise of his constitutional right to vote, should also be strictly construed, and naught should be required that is not plainly and clearly written in the act. If the names of Gibson, White, Heitman and Franklin are retained on the petition, then it was signed by the requisite number of qualified voters and was a valid petition. We think the court erred in overruling appellants' demurrer to the petition and reverse the judgment, and enter judgment here denying the writ of mandamus. All concur.